Hamamatsu Corporation, Inc.  Mr. Simmons. It's still morning. Good afternoon. It plays the court. For clarification, from the very outset, HC has raised the same issue, that Mazur and Mabuchi in combination, and there's no dispute, contains all the elements of the claims. The relevant claims of the 591 patent. The only attack, what they repeatedly refer to as the motivation to combine the two references. And what we really argued was that the Supreme Court requires only an apparent reason to combine the references, and it's supported by some articulated reason with some rational underpinning. That was provided. And that was provided from the very beginning. And in that, Mabuchi teaches all the elements of the back-illuminated CMOS image sensor, but not the substantial, the substrate having a textured surface. Mazur teaches a method for microstructuring a silicon layer using a femtosecond laser for enhancing light-absorbing devices. Appendix pages 49 and 50 in the petition. And from the beginning, we said that it was well-known. Well-known in references of the time, we're including Webb from 1981, Van Ziegbroek from 1997, and Maloney from 2006, all well before the 2009 filing date of the 591 patent, that the texturing improves absorption. They don't refute that. They just say that wasn't a good enough reason. That's really their argument. We didn't change our position during this entire PTAB trial. At one point, we had to address issues raised by their expert. They basically said, your reason's not good enough, and our expert's going to talk about crosstalk. Now, the board did consider that. The board considered substantial evidence of what their expert raised. And what their expert did was essentially make drawings that weren't supported by a reference or by a calculation, and the board considered that. So if you look at page... What they're saying is that their response to the crosstalk argument was a single-pixel theory, and that that was raised for the first time in the report. Their single-pixel theory was raised out of the crosstalk raised by their expert. And in his expert declaration, our expert addressed it in response. I think we're allowed to address what there is in response. It was one of many issues. We didn't walk away from it. We still said you'd still have an improvement in absorption by texturing, and we refute the crosstalk, and the board addressed this issue. Did your refutation on the crosstalk rely on the single-pixel thing exclusively or partly or what? No. No, it did not rely on it exclusively. Just like you pointed to the moreover statement, we acknowledge that the Mabuchi reference is multiple pixels. It's for multiple colors, right? Red, green, blue. There's color filters, lenses that focus the light. And so we acknowledge that's in the reference. We're saying you would still want to improve Mabuchi by texturing so that you can increase absorption, as is well-known in the art as of 2009. That set forth from the very beginning. They said that we raised that, that it was well-known later. We did not. That was raised in the petition. Where did you raise it in the petition that it was well-known? It's at appendix pages 12 to 15. And we talk about, according to the 591 patent, this purported solution. Well, if you'll look, it says, the solution is unsurprising given the development of photodiodes and other imaging devices have been texturing surfaces for decades with the purpose of increasing electromagnetic radiation absorption. That's at page appendix 13. It's in our original petition, page four. We go on to talk about observed in the 1960s. And we go on to talk about WEB, which was a patent from the 1981 that states that the incident surface can increase the light path by contouring it with the back surface or both devices. But crosstalk isn't discussed in the petition, right? No, crosstalk is not because it was an issue raised. So basically, we raised the reason to combine. They turned around and said, your reason's wrong because of crosstalk. And then once they raised that issue, which I consider to be a rebuttal evidence, they were rebutting our reason to combine. We met our burden. We had an expert say, here's a reason to combine. I base it upon an express teaching in the Mazur reference. So you take the Mazur reference, it expressly teaches you to increase the functionality through absorption. And you combine it with a Mabuchi. And then they come back and say, that's not a good reason. They don't dispute that Mazur teaches that. They say that's not a good enough reason because of crosstalk. And our expert comes back and says, wait a minute, when you say crosstalk and they show a diagram of crosstalk, if you look at their expert's diagram, he eliminates parts of Mabuchi that have the light blocking aluminum and also the micro lens because that's supposed to prevent crosstalk in Mabuchi. And he also ignores that there's space around each of the pixels in Mabuchi. And that's, we refute the rebuttal. The P-TAP considered both experts and both our arguments. And that's in our brief at page 29, the red brief. And the P-TAP goes on to conclude that Zionist's arguments, for example, one, fail to account for contributions from other components in Mabuchi. The one pixel issue really showed up at the hearing. The crosstalk issue showed up during the entire proceeding. So as soon as we raised the reason to combine the references, they came back. And your basic evidence is that, yeah, there may be some crosstalk, but there's not enough to make you worry. There's not enough to make it a problem. It's an optimization. You concede that there's potential for crosswalk, but then prior art has taught a way to minimize that. That's right, Your Honor. So bring back when one pixel shows up. My understanding is the one pixel came up in the hearing itself. So it was in the actual hearing at the end of the proceeding. One of the judges leans over and says, hey, this claim would read on one pixel. Right, right. And then counsel argued against it. Sort of a Thomas Edison moment. Why are we worried about crosstalk? Right, so why are we worried about crosstalk when the claim only covers one pixel? We don't take that position. We don't need to have it be one pixel, although I argue that they've essentially said that that's what it is in the past. But that's not necessary because we're saying you can improve absorption in multiple pixels. And Van Ziegbroek, for example, is an array of pixels. That's one of the prior references from 1997 that we say show it was well-known. We're not using that for obviousness. We're just saying it's well-known. The texture would improve absorption. So I think the one pixel argument is a red herring, essentially. And the PTAB thoroughly considered it. And counsel actually pointed to the place where the PTAB considered all arguments. They say that their expert unduly emphasized the degree and severity of the effect of crosstalk. That's at appendix pages 1250 to 52. They also say they fared to accurately represent the broader teachings of Mazur. So again, the PTAB considered the evidence and just weighed in favor of the petitioner. And they also said that their arguments are contradicted by the evidence of record demonstrating the trapping effects that result from the texture. So we had pointed to the Wu reference. And in the Wu reference, which you get a diagram at, I think in their own brief, that the Wu reference, which was one of Mazur's graduate students, it's in their brief at page 52. It's a sketch. And Wu was a graduate student of Professor Mazur, which they put in their background. And in her sketch, she shows that the light bounces back and forth between the different textured surfaces. And that that is what would cause light to get trapped actually in the texturing and not necessarily bounce through and go into the adjacent pixel. They also point to Dr. Suri. And in Dr. Suri's testimony, and they asked Dr. Suri about the Wu diagram. And then they make a drawing, which they introduced for the first time during the oral hearing as well. It's what we refer to as the scale drawing, which was slide nine in their presentation. They based that upon testimony from Dr. Suri's deposition. They never raised it in their opportunity to raise it in the observations on cross-examination. But they made this drawing in the slide. It's counsel's drawing. Doesn't come from their expert. Doesn't come from any of their references. So that's what they used to attack the saying that light's gonna go even from the Wu diagram into the adjacent pixel. And that's not evidence. That's attorney argument. And then finally, they'd also criticized whether Dr. Suri was one of ordinary skill in the art, had the expertise to get more weight than their expert, Mr. Gaidash. So all along, they'd never attacked the one of ordinary skill in the art. Again, it wasn't until the oral hearing on the PTAB where they said that, oh, well, even though he meets one of ordinary skill in the art, he doesn't have optical design experience. They never disputed his qualifications prior to that. The first time they raised it was at the PTAB hearing, suggesting that he should be given less weight. Well, actually, Dr. Suri, on the record, has experience in texturing. Mr. Gaidash does not. Now, we've never disputed that Mr. Gaidash is a qualified expert. And Dr. Suri certainly is a qualified expert. If there's any other questions on the obviousness combination? Okay. Thank you, Mr. Summers. Yeah. If I need to address anything on Nakashiba, Your Honors, that's the anticipation reference? I don't think so. Okay. Thank you, Your Honors. Your Honors, if I may respond briefly. There are several points where the board does reference, and I'm looking at pages, specifically pages 45 and 46 of the opinion, their belief that the petitioner's challenge need not establish a reasonable expectation of success in meeting Mabuchi's objectives of mitigating crosstalk and tightly packed pixels, if that objective was not recited in the claims. They go on to say the relevant evidence, however, must also be tied to the scope of the claimed invention, which may be broader than the disclosed objectives that either reference. I think that, for us, that's the fundamental error that the board made. In crediting, on the one hand... The one pixel matter came to be similar from your adversaries, upped up at oral argument. Respectfully, I believe there was an allusion to it at page 15 of the reply brief, and it did come up at oral argument. So I think they did raise it prior to oral argument, but not at a point in time where we had an opportunity to debrief the response. And it was not in the original petition, and it was not in the original institution decision. I would also note, just briefly, that of the references that counsel mentioned, the Wu thesis and others, all of those references go to the benefit of texture, not in a CMOS image sensor. So the only reference that was cited by petitioner that was a CMOS image sensor is the Akahori reference, and this is our appeal brief at page 54. We make this point that the board... They gave two reasons for the motivation to combine Mazur and Mabuchi. One reason, they said, see above, the exact same reasons for combining Akahori and Mazur apply to the combination of Mabuchi and Mazur. And the board found that Akahori, which is the only reference that deals with a CMOS image sensor that discusses texture, expressly taught away from that combination. And the board decided not to institute, and that decision is not appealed. Okay, thank you, Mr. Mabuchi. We're out of time. Thank you, Mr. Counsel. This concludes our session for this morning. All rise. The honorable court is adjourned until tomorrow morning at 10 a.m. Good job, both of you.